IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RMG MEDIA, LLC,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DONOVAN MARINE, INC. and BOATING INVESTMENT GROUP, LLC,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [21] MOTION TO TRANSFER VENUE<br><br>Case No. 2:23-cv-00251-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

　　　　Before the court is Defendants Donovan Marine, Inc. (Donovan) and Boating Investment Group, LLC's (BIG) (collectively, Defendants) Motion to Transfer Venue (Motion) (ECF 21), referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 26). The court has reviewed RMG Media, LLC's (Plaintiff) Memorandum in Opposition (ECF 28) and Defendants' Reply (ECF 30). Pursuant to Rule 7-1(g) of the Local Rules of Practice for the United States District Court for the District of Utah (Local Rules), the court concludes oral argument is not necessary and will determine the Motion based on the written memoranda. For the reasons set forth below, the court DENIES the Motion without prejudice.

## I.　　BACKGROUND

　　　　On April 19, 2023, Plaintiff filed this copyright infringement action against Defendants (ECF 2). Plaintiff is incorporated in New Jersey, with its principal place of business in New York (*id.* at ¶ 1). Donovan is incorporated in Louisiana and maintains its principal place of business in Harahan, Louisiana (*id.* at ¶ 2; ECF 21-1). Plaintiff avers BIG is incorporated in Delaware and maintains its principal place of business in Taylorsville, Utah (ECF 2 at ¶ 3). Plaintiff's Complaint asserts Defendants reproduced, modified, distributed, publicly displayed, and/or used copyrighted

software owned and registered by Plaintiff (*id.* at ¶¶ 1, 4). On June 9, 2023, Defendants filed a Motion to Dismiss (ECF 15), which was subsequently denied without prejudice pending the resolution of the present Motion (ECF 32). On June 26, 2023, Defendants filed this Motion requesting that this court transfer this action to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a) because "neither the parties to this action nor the facts and circumstances upon which it is based have any meaningful relation to this judicial district, whereas the overwhelming majority of Defendants' witnesses and files are located in Louisiana" (ECF 21 at 1). On July 14, 2023, Plaintiff filed its Memorandum in Opposition, arguing that "Defendants have not met their burden of establishing the level of inconvenience necessary to disturb RMG's choice of forum" (ECF 28 at 1). On July 28, 2023, Defendants filed their Reply asserting personal jurisdiction and venue are proper in Louisiana because "a substantial part of the alleged events or omissions giving rise to the claims" occurred in Louisiana (ECF 30 at 2).

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought [.]" Section 1404(a) is "a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Const. Co., v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013). Section 1404(a) allows "'transfer to a more convenient forum, even though venue is proper' in the transferor court." *K.A. v. UnitedHealthcare Ins.*, No. 2:23-cv-00315-RJS-JCB, 2023 WL 7282544, at *1 (D. Utah Nov. 3, 2023) (quoting *Atl. Marine Const. Co.*, 571 U.S. at 60).

To satisfy section 1404(a), "the moving party must clearly establish that: (1) the transferee court is a proper forum in which the action could have been brought originally; and (2) the transfer

will enhance the convenience of the parties and witnesses, and is in the interest of justice." *RES-NV, LLC v. Rosenberg*, No. 2:13-cv-00115-DAK, 2013 WL 3548697, at *2 (D. Utah July 11, 2013).

To meet the first requirement under section 1404(a), "the transferee court must have subject matter jurisdiction and personal jurisdiction over the parties, and venue must be proper." *Safari Club Int'l v. Jewell*, No. 15-930-JCH-LF, 2016 WL 3574169, at *4 (D.N.M. Feb. 11, 2016) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)). Regarding the second requirement, section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Stewart Org. v. Richoh Corp.*, 487 U.S. 22, 29 (1988)). Further, when evaluating the convenience of a forum, the court's analysis is informed by, but not limited to, consideration of the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

### III.   DISCUSSION

#### A.   Subject Matter Jurisdiction

To satisfy the first requirement, Defendants must show that the court in Louisiana has subject matter jurisdiction. Under 28 U.S.C. § 1338(a), "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . ."

3

Here, the District of Louisiana has subject matter jurisdiction pursuant to Section 1338(a) because this civil action arises out of Defendants' alleged copyright infringement.

### B.     Personal Jurisdiction

Defendants must also establish that the Louisiana court has personal jurisdiction over them. Under Federal Rule of Civil Procedure 4, personal jurisdiction in the federal courts is determined by the state's jurisdictional laws in which they sit. *See* Fed. R. Civ. P. 4(k)(1)(A). To establish personal jurisdiction in the transferee court, Defendants must show "first, that jurisdiction is authorized under [state] law and, second, that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). Louisiana's long-arm statute extends "jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. Stat. Ann. § 13:3201. Accordingly, the court's inquiry is whether the assertion of jurisdiction over Defendants is constitutionally permissible. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).

To satisfy the constitutional requirement of due process, there must be minimum contacts between the defendant and the forum state. *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980). Minimum contacts may be established by a showing of either general or specific jurisdiction. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012). A court may exercise general jurisdiction over an out-of-state corporation "when [its] affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Bryner v. Rust-Oleum Corp.*, No. 2:23-cv-13-TS, 2023 WL 4238868, at *2 (D. Utah June 28, 2023) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To establish specific jurisdiction, a party must show "two requirements: (1) that the defendant has

4

'purposefully directed its activities at residents of the forum,' and (2) that the suit 'arise[s] out of or relate[s] to those activities.'" *Hood v. Am. Auto Care, LLC*, 21 F. 4th 1216, 1221 (10th Cir. 2021) (quoting *Burger King*, 471 U.S. at 472 (1985)).

Here, Defendants assert Louisiana has personal jurisdiction because Defendants concede personal jurisdiction there. A court, however, cannot transfer a suit to a court where personal jurisdiction does not exist, even if the defendants later consent to suit in the jurisdiction. *Chrysler Credit Corp.*, 928 F.2d at 1515. Thus, Defendants must show Louisiana originally had personal jurisdiction over both Defendants. In its opposition, Plaintiff concedes that Louisiana has personal jurisdiction over Donovan, because it resides in and has its principal place of business in Louisiana. Plaintiff, however, argues that Defendants have failed to show Louisiana has personal jurisdiction over BIG. Defendants reply by asserting personal jurisdiction is proper because a substantial part of the alleged events or omissions giving rise to the claims occurred in Louisiana.

Defendants fall short in providing sufficient facts to the court for a proper personal jurisdiction analysis. Defendants rely on *Parlant Tech. v. Bd. Of Educ. Of the City Sch. Dist. Of the City of New York*, No. 2:12-cv-417-BCW, 2014 WL 4851881, at *10 (D. Utah Sept. 29, 2014) asserting that under similar circumstances, this court has transferred a case to a jurisdiction where the alleged infringing conduct occurred. *Parlant* is distinguishable because, in that case, there was no dispute as to whether the action could have been brought in the proposed transferee district under section 1404(a). Here, Plaintiff disputes that this case could have been brought in Louisiana. The court agrees. BIG is incorporated in Delaware with a principal place of business in Utah. Defendants present no arguments specific to BIG as to how Louisiana has on personal jurisdiction over BIG. Defendants also have their analysis backwards by asserting there is personal jurisdiction where there is venue under 28 U.S.C. § 1400; rather, as explained below, there is venue where

there is personal jurisdiction. *See Relaximals, Inc. v. Brentwood Originals, Inc.*, No. 19-cv-02721-MEH, 2020 WL 1529179, at *3 (D. Colo. Mar. 31, 2020). Therefore, Defendants have failed to satisfy the first requirement under 28 U.S.C. § 1404(a) of showing that Louisiana is a proper forum in which this action could have been brought.

### C. Venue

In a copyright infringement action, the proper venue analysis is under 28 U.S.C. § 1400(a). *Relaximals*, 2020 WL 1529179, at *3. Under section 1400(a), "[c]ivil actions . . . arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found. 28 U.S.C. § 1400(a). A defendant "is 'found' in 'any district in which personal jurisdiction could be obtained over it.'" *Elec. Realty Associates v. Paramount Pictures Corp.*, 935 F. Supp. 1172, 1177 (D. Kan. 1996) (quoting *Palka v. Theodore M. Hylwa, M.D., Inc.*, No. 85-2480, 1986 WL 22380, at *2 (D. Kan. Sept. 3, 1986)).

In this case, Defendants have not met their burden in showing that Louisiana has personal jurisdiction over them. In copyright actions, venue is proper where the court can assert personal jurisdiction over Defendants, and here Defendants fall short in showing that the court in Louisiana has personal jurisdiction over them. Thus, Defendants have failed to show that Louisiana is a proper venue under section 1400(a).

### D. Convenience of the parties

Even if Defendants had met their burden for the first requirement under 28 U.S.C. § 1404(a), Defendants have failed to demonstrate Louisiana is a more convenient forum for the parties under the second requirement. *See RES-NV, LLC*, 2013 WL 3548697, at *2. "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010)

(quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id*. Here, Plaintiff is organized under the laws of the State of New Jersey with a principal place of business in New York. Notwithstanding, Plaintiff chose Utah as the forum because it is BIG's principal place of business, former employees are located in Utah, relevant documents and the alleged infringing source code of BIG are in Utah, and BIG's website is developed and operated from Utah.[1] Donovan's focus is on Plaintiff's allegation that Donovan maintains and operates the website at issue by and through its control of BIG and therefore given Donovan's presence in Louisiana, it will be inconvenient and difficult to litigate the matter in Utah. Donovan however fails to provide any specific support for this allegation. Moreover, Defendants' Motion focuses on only one party, Donovan. Even though Plaintiff alleges Donovan controls BIG, Defendants have failed to address why Utah is not convenient for BIG, even though both parties are named as Defendants. While the court acknowledges there is some inconvenience for Donovan to litigate this matter given its location, without more, the court is unable find the balance weighs in favor of transfer.

As to accessibility of witnesses and sources of proof, "[t]o demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'" *Id*. at 1169 (quoting *Scheidt*, 956 F.2d at 966). Defendants fail to meet this standard. As to Donovan only, it asserts, its witnesses and documents are located in Louisiana.

---

[1] Plaintiff "has the burden of showing that venue is proper in the forum state." *Elec. Realty Associates*, 935 F. Supp. at 1177. "If the parties present conflicting affidavit, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citing *Behagan v Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984)).

However, Defendants fail to identify the number of relevant witnesses, or whether witnesses would be unable or unwilling to come to Utah.

Defendants have not established that litigating this case in Utah will increase costs to such a degree to justify a transfer to Louisiana. The focus is solely on Donovan and only general statements are made. Defendants either fail to address the remaining factors or concede they are neutral. Looking at the totality of the factors, the court finds Defendants have failed to demonstrate that transfer to Louisiana would enhance the convenience of the parties or that transfer would be in the interest of justice.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Transfer Venue (ECF 21) is DENIED.

    IT IS SO ORDERED.

    DATED this 16 January 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah